IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONNALD L. RANDALL,                )
                                   )
         Plaintiff,              )
                                   )
v.                                 )
                                   )   Civil Action No. 15-708
CAROLYN W. COLVIN,                 )
ACTING COMMISSIONER                )
OF SOCIAL SECURITY,                )
                                   )
         Defendant.              )

OPINION

AND NOW, this 19th day of September, 2016, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 14) be, and the same hereby is granted, and the Acting Commissioner's motion for summary judgment (Document No. 16) be, and the same hereby is, denied. The Acting Commissioner's decision of January 16, 2014, will be vacated, and the case will be remanded to the Acting Commissioner pursuant to sentence 4 of 42 U.S.C. §405(g) for further proceedings consistent with this Opinion.

When the Acting Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Acting Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and . . . the [Acting Commissioner's] responsibility to rebut it [should] be strictly construed. . . .'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)). These well-established principles dictate that the court remand this case to the Acting Commissioner for further proceedings as explained herein.

Plaintiff filed his DIB application on June 1, 2012, alleging disability beginning on October 31, 2009, due to herniated discs in his back, degenerative disc disease in his neck and lower back, arthritis in his knees, tenosynovitis in his right hand and plantar fasciitis. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on September 3, 2013, at which plaintiff, who was represented by counsel, appeared and testified. On January 16, 2014, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on March 31, 2015, making the ALJ's decision the final decision of the Acting Commissioner. The instant action followed.

Plaintiff has a high school education and was 38 years old on his alleged onset date of disability, which is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has past relevant work experience as a telemarketer, an assistant manager in food services, a teller, a car salesman and a sales clerk, but he did not engage in substantial gainful activity at any time after his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of degenerative disc disease of the cervical spine, chronic back pain, status post lumbar laminectomy at L4-5, left knee and small medial meniscus tear and small osteochondral injury, bilateral plantar fasciitis, bilateral ankle pain and instability, and status post correction of right flat foot, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ next found that plaintiff retains the residual functional capacity to perform sedentary work with a number of additional limitations. First, plaintiff is limited to lifting and carrying 20 pounds occasionally. In addition, plaintiff is restricted to standing and walking for a combined total of 1 to 2 hours and he is able to sit for 6 hours per 8-hour workday. Further, he must be permitted to change positions from sitting to standing every 20 to 30 minutes. Finally, plaintiff is precluded from operating foot or pedal controls (collectively, the "RFC Finding").

Relying on testimony by a vocational expert, the ALJ concluded that plaintiff is capable of performing his past work as a telemarketer, and thus found plaintiff is not disabled within the meaning of the Act. However, the ALJ also made the alternative finding that plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as a cashier, telephone clerk or information clerk, and found plaintiff is not disabled on that basis as well.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of

at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §423(d)(2)(A).

The Social Security Regulations specify a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity.[1] 20 C.F.R. §404.1520(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ's decision is not supported by substantial evidence because: (1) the ALJ improperly discredited the opinion issued by Dr. Anthony Kirby, who performed a consultative orthopedic examination of plaintiff; and (2) the ALJ failed to proffer the results of Dr. Kirby's examination to plaintiff's counsel, which deprived him of a full and fair opportunity to present his claim. Because we find that the ALJ relied on Dr. Kirby's report without giving plaintiff an opportunity to comment on it, or cross examine Dr. Kirby on it if he chose to do so, this case must be remanded to the Acting Commissioner for additional consideration at step 4 and, if necessary, step 5 of the sequential evaluation process.

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider his ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §404.1545(a)(4).

As noted, the ALJ held a hearing in this case on September 3, 2013. On September 19, 2013, plaintiff was notified in writing that the ALJ needed additional medical evidence about his condition and had arranged for plaintiff to undergo a consultative orthopedic examination with Dr. Kirby on October 10, 2013. (R. 213). The written notice advised plaintiff of the importance of attending the examination, and it included a form for plaintiff to confirm he would attend the scheduled appointment. (R. 214-215). In addition, plaintiff was provided a form to complete if he wanted a copy of the examination report sent to his doctor or representative. (R. 216).

Plaintiff was examined by Dr. Kirby on October 10, 2013, and Dr. Kirby issued a written report and completed a Medical Source Statement of plaintiff's ability to perform various physical work related activities. (R. 2355-2363).

The ALJ subsequently issued his decision on January 16, 2014, finding plaintiff not disabled. In making that determination, the ALJ relied on Dr. Kirby's opinion to some extent, by giving significant weight to the exertional limitations Dr. Kirby identified, but the ALJ gave less weight to the non-exertional limitations Dr. Kirby assessed. (R. 19). In particular, the ALJ gave little weight to Dr. Kirby's opinion that plaintiff is restricted in the use of his right upper extremity. (R. 14). Nothing in the record indicates that plaintiff or his counsel was provided with Dr. Kirby's report, or that plaintiff was advised that he could comment on the report or ask Dr. Kirby questions about it, prior to the ALJ issuing his decision.

Pursuant to 42 U.S.C. §405(b)(1), an ALJ's decision must be made "on the basis of evidence adduced at the hearing." The administrative hearing is subject to considerations of due process. See Richardson v. Perales, 402 U.S. 389, 401-02 (1971). Although an ALJ may consider evidence received after the hearing, but before rendering a final decision, in that instance "the ALJ must afford the claimant not only an opportunity to comment and present evidence but also an

AO 72
(Rev. 8/82)

opportunity to cross-examine the authors of any post-hearing reports when such cross-examination is necessary to the full presentation of the case, and must reopen the hearing for that purpose if requested." Wallace v. Bowen, 869 F.2d 187, 193 (3d Cir. 1989). In Wallace, the Third Circuit found inadequate a notice of rights sent to a claimant concerning post-hearing reports that listed three options the claimant might pursue in response to the new reports: submit written comments; submit a brief or other written statement; or submit additional evidence, because the notice failed to advise the claimant that he also could request a supplemental hearing to cross-examine the authors of the reports. Id.; see also Gauthney v. Shalala, 890 F.Supp. 401, 408-409 (E.D. Pa. 1995) (finding that correspondence which failed to advise a claimant of his right to a supplemental hearing at which he could cross-examine the vocational expert as to his post-hearing interrogatories was inadequate to conclude that claimant waived that right).

The case law makes clear that due process requirements preclude an ALJ from "rely[ing] on post-hearing reports without giving the claimant an opportunity to cross-examine the authors of such reports, when such cross-examination may be required for a full and true disclosure of the facts." Wallace, 869 F.2d at 191-92. The Regulations also emphasize the need to comport with due process by affording claimants the opportunity to review and comment on evidence obtained or developed after the hearing, as well as the option to request a supplemental hearing with respect to the additional evidence. See 20 C.F.R. §404.916(f).

In this case, these due process requirements were not satisfied. The written notice issued to plaintiff only advised him of the importance of attending the examination with Dr. Kirby and provided a form if he wanted Dr. Kirby's report to be sent to his doctor or representative.[2] The

---

[2] Although the record does not indicate whether plaintiff completed this form and requested that Dr. Kirby's report be sent to his representative, that is of no consequence because the notice to plaintiff was insufficient in the first instance for the reasons explained herein.

notice did not advise plaintiff that he could submit written comments, submit a brief or submit additional evidence, let alone advise him that he could request to cross-examine Dr. Kirby at a supplemental hearing. See Wallace, 869 F.2d at 193. Because plaintiff was not given notice of these important options, this case must be remanded to afford plaintiff the opportunity to exercise them if he so chooses, particularly because the ALJ relied on some of Dr. Kirby's findings, but rejected others, in determining that plaintiff is not disabled.

On remand, the ALJ must give plaintiff the opportunity to request a supplemental hearing, is he chooses, at which Dr. Kirby may be subpoenaed to testify about his report. Plaintiff also should be afforded the opportunity to comment on Dr. Kirby's findings and submit additional evidence as necessary so that the ALJ can completely analyze this case at step 4 and, if necessary, step 5 of the sequential evaluation process.[3]

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Acting Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Acting Commissioner for further proceedings consistent with this Opinion.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

---

[3] Because this case is being remanded for additional consideration as specified herein, the court need not consider whether the ALJ improperly discredited Dr. Kirby's opinion as plaintiff contends. On remand, the ALJ will indicate whether any additional evidence adduced impacts his analysis and weighing of Dr. Kirby's opinion, and whether any other limitations identified by Dr. Kirby should be included in the RFC Finding and incorporated into any additional hypothetical questions that may be posed to a vocational expert.

cc: Karl E. Osterhout, Esq.
521 Cedar Way
Suite 200
Oakmont, PA 15139

Christy Wiegand
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219